IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01123-ZLW

MICHAEL McCANN,

    Plaintiff,

v.

COLORADO TERRITORIAL CORRECTIONAL FACILITY,
C.T.C.F. WARDEN ABBOTT,
C.T.C.F. N.P. KLENKE,
C.T.C.F. 1-5 DOE GRIEVANCE OFFICERS,
COLORADO DEPT. OF CORRECTIONS,
DIRECTOR ZAVARAS, and
D.O.C. 1-5 DOE GRIEVANCE OFFICERS,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 20 2007

GREGORY C. LANGHAM
               CLERK

## ORDER DENYING MOTION TO RECONSIDER

Plaintiff Michael McCann has filed *pro se* on September 10, 2007, a "Motion: To Set Aside Order of Dismissal and Re-Initiate the Partial Filing Fees and Complaint." Mr. McCann asks the Court to reconsider and vacate the Court's Order and Judgment of Dismissal filed in this action on August 15, 2007. The Court must construe the motion to reconsider liberally because Mr. McCann is proceeding *pro se*. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the motion to reconsider will be denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment

pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to reconsider filed more than ten days after the final judgment in an action should be considered pursuant to Rule 60(b). *See id.* at 1243. Mr. McCann's motion to reconsider in this action, which was filed more than ten days after the Court's Order and Judgment of Dismissal, will be considered pursuant to Fed. R. Civ. P. 60(b). Relief under Rule 60(b) is appropriate only in extraordinary circumstances. *See Massengale v. Oklahoma Bd. of Examiners in Optometry*, 30 F.3d 1325, 1330 (10th Cir. 1994).

The Court dismissed this action without prejudice because Mr. McCann failed either to pay the initial partial filing fee or to show cause why he was unable to pay the initial partial filing fee. On July 5, 2007, Mr. McCann was granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 in this action and, pursuant to § 1915(b)(1), he was ordered to pay an initial partial filing fee of $73.00. Mr. McCann was ordered either to pay the initial partial filing fee within thirty days or to show cause why he was unable to pay the initial partial filing fee. In order to show cause, Mr. McCann was directed to file a current certified copy of his inmate trust fund account statement.

Mr. McCann did not pay the initial partial filing fee. Instead, on August 2, 2007, he submitted a certified copy of his inmate trust fund account statement, which showed that the balance in his account as of July 17, 2007, was $109.35, together with an explanation that he would not be able to pay the initial partial filing fee because of his anticipated expenses in August for shoes, hygiene supplies, medications, medical

2

appointments, and tithing to his church. The Court dismissed the action because Mr. McCann's account statement filed on August 2, 2007, demonstrated that he had sufficient funds to pay the initial partial filing fee. In his motion to reconsider, Mr. McCann argues that money he actually paid for medications and medical appointments reduced the balance in his inmate account below $73.00 and that he had no choice but to pay those expenses.

Upon consideration of the motion to reconsider and the entire file, the Court finds that Mr. McCann fails to demonstrate the existence of any extraordinary circumstances that would justify a decision to reconsider and vacate the order dismissing this action. The medical expenses Mr. McCann alleges he incurred do not change the fact that the account statement he submitted to the Court on August 2, 2007, demonstrated he had sufficient funds to pay the initial partial filing fee or the fact that he did not pay the initial partial filing fee. Therefore, the motion to reconsider will be denied. Mr. McCann is reminded that, because the instant action was dismissed without prejudice, he may pursue his claims by filing a new action if he chooses. Accordingly, it is

ORDERED that the "Motion: To Set Aside Order of Dismissal and Re-Initiate the Partial Filing Fees and Complaint" filed on September 10, 2007, is denied.

DATED at Denver, Colorado, this 19 day of Sept., 2007.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 07-cv-01123-BNB

Michael McCann
Reg. No. 112458
CTCF
PO Box 1010
Canon City, CO 81215

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 9/20/07

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk